Filed 5/30/23  P. v. Gaxiola CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

THE PEOPLE,

Plaintiff and Respondent,

v.

JOE M. GAXIOLA,

Defendant and Appellant.

F085450

(Super. Ct. No. 4004466)

**OPINION**

### THE COURT[*]

APPEAL from an order of the Superior Court of Stanislaus County. Kellee C. Westbrook, Judge.

Brad Kaiserman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Darren K. Indermill, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P. J., Detjen, J. and Peña, J.

Defendant Joe M. Gaxiola was convicted by a jury of attempted murder and other offenses in 1990. In 2022, he petitioned the superior court, pursuant to former section 1170.95 (now § 1172.6) of the Penal Code,[1] for resentencing on his conviction for attempted murder. The superior court summarily denied the petition at the prima facie stage, concluding that defendant was ineligible for relief as a matter of law.

On appeal, defendant argues the trial court prejudicially erred in denying his petition at the prima facie stage. Specifically, he argues that he pleaded a prima facie case for relief and his convictions did not render him ineligible for relief as a matter of law. The People agree. We reverse and remand.

## PROCEDURAL HISTORY[2]

On January 11, 1990, the Stanislaus County District Attorney filed an information charging defendant with attempted murder (§§ 187, subd. (a), 664; count I), two counts of assault with a deadly weapon (§ 245, subd. (a)(2); counts II & III), and discharging a firearm at an inhabited dwelling (§ 246; count IV). As to count I, the information alleged that the offense was committed with premeditation and deliberation. As to counts I through III, the information further alleged that defendant personally used a firearm in the commission of the offenses (§ 12022.5).

On April 11, 1990, the jury found defendant guilty on all counts and found all special allegations true. As to count I, the jury specifically found defendant committed first degree attempted murder with premeditation and deliberation.

On May 15, 1990, the trial court sentenced defendant to an indeterminate life term plus two years as follows: on count I, an indeterminate life term, plus a two-year firearm

---

**1** Undesignated statutory references are to the Penal Code. Former section 1170.95 recently was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) We will refer to the current section 1172.6 in this opinion.

**2** We summarize only the procedural history relevant to our review of the order denying defendant's section 1172.6 petition.

2.

enhancement (§ 12022.5); on counts II and III, the middle term of three years, plus a two-year firearm enhancement (§ 12022.5), both to run concurrent with the term on count I; and on count IV, the middle term of five years, to run concurrent with the term on count I.

On November 8, 1991, this court remanded the matter with instructions that the trial court strike the firearm enhancements as to counts II and III.

On April 5, 2022, defendant petitioned for resentencing pursuant to section 1172.6, arguing that he could no longer be convicted of attempted murder.

On December 9, 2022, the trial court denied defendant's petition at the prima facie stage, concluding that defendant was ineligible for relief as a matter of law.

On December 13, 2022, defendant filed a notice of appeal.

## DISCUSSION[3]

The trial court denied defendant's section 1172.6 petition at the prima facie stage, concluding that defendant was ineligible for relief because the jury found him guilty of attempted first degree murder with willfulness, premeditation, and deliberation. Defendant contends the court's conclusion was error because the jury was instructed on two theories of attempted murder—express malice attempted murder and natural and probable consequences attempted murder as an aider and abettor. Under either theory, the jury could have found defendant guilty of attempted first degree murder and concluded the attempted murder was committed with willfulness, premeditation, and deliberation. The People agree, as do we.

## I. Additional Background

As noted, the trial court instructed the jury on two theories of attempted murder, express malice and natural and probable consequences murder:

---

**3** Because defendant's argument on appeal raises purely legal issues, we omit any summary of the facts.

"Murder is the unlawful killing of a human being with malice aforethought. [¶] In order to prove such crime, each of the following elements must be proved: [¶] One, a direct but ineffectual act was done by one person towards killing another human … being; [¶] And, two, the person committing such act harbored express malice aforethought; namely, a specific intent to kill unlawfully another human being."

"One who aids and abets is not only guilty of the particular crime that to his knowledge his confederates are contemplating committing, but he is also liable for the natural and probable consequences of any criminal act that he knowingly and intentionally aided and abetted. You must determine whether the [d]efendant is guilty of the crime originally contemplated, and, if so, whether the crimes charged in [c]ounts I through IV were a natural and probable consequence of such originally contemplated crime."

The trial court also instructed the jury on the distinction between first and second degrees of attempted murder and on the willful, deliberate, and premeditated allegation:

"Attempted murder of the second degree is the unlawful killing of a human being with malice aforethought when there is manifested an intention unlawfully to kill a human being, but when the evidence is insufficient to establish deliberation and premeditation."

" 'Willful' means intentional. 'Deliberate' means formed or arrived at or determined upon as a result of careful thought and weighing of considerations for and against the proposed course of action. 'Premeditated' means considered beforehand.

"If you find that the attempt to commit murder was preceded and accompanied by a clear, deliberate intent to kill, which was the result of deliberation and premeditation so that it must have been formed upon pre-existing reflection and not under a sudden heat of passion or other condition precluding the idea of deliberation, it is attempt to commit willful, deliberate and premeditated murder. [¶] … [¶]

"To constitute willful, deliberate and premeditated attempt to commit murder, the would-be slayer must weigh and consider the question of killing and the reasons for and against such a choice, and, having in mind the consequences, decides to kill and makes a direct but ineffectual act to kill another human being."

4.

The jury found defendant guilty of attempted first degree premeditated murder, but did not identify the theory under which they found defendant guilty.

## II. Applicable Law

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) "to amend the felony murder rule and the natural and probable consequences doctrine … to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); see § 189, subd. (e); accord, *People v. Strong* (2022) 13 Cal.5th 698, 707–708.)

Senate Bill 1437 accomplished this task by adding three separate provisions to the Penal Code. (*People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*).) First, to amend the natural and probable consequences doctrine, the bill added section 188, subdivision (a)(3), which requires a principal to act with malice aforethought before he or she may be convicted of murder. (§ 188, subd. (a)(3); accord, *Gentile*, at pp. 842–843.) Second, to amend the felony-murder rule, the bill added section 189, subdivision (e):

> "A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [s]ection 190.2."[4] (§ 189, subd. (e); accord, *Gentile*, *supra*, 10 Cal.5th at p. 842.)

---

[4]    Additionally, section 189 was amended to allow for felony-murder liability where the victim is a peace officer. (§ 189, subd. (f); accord, *People v. Daniel* (2020) 57 Cal.App.5th 666, 672.)

Senate Bill 1437 also added section 1172.6 (former § 1170.95) to provide a procedure for those convicted of a qualifying offense "to seek relief under the two ameliorative provisions above." (*Gentile*, *supra*, 10 Cal.5th at p. 843.) This procedure is available to persons convicted of "felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter …." (§ 1172.6, subd. (a).)

"Section [1172.6] lays out a process" for a person convicted of one of the aforementioned offenses "to seek vacatur of his or her conviction and resentencing." (*Gentile*, *supra*, 10 Cal.5th at p. 853.) First, an offender must file a petition in the sentencing court averring that:

> "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine[;]
>
> "(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder[; and]
>
> "(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(1)–(3); see also § 1172.6, subd. (b)(1)(A); accord, *People v. Lewis* (2021) 11 Cal.5th 952, 959–960 (*Lewis*).)

Additionally, the petition shall state "[w]hether the petitioner requests the appointment of counsel." (§ 1172.6, subd. (b)(1)(C).)

If a petition fails to contain the required information and the information cannot be "readily ascertained" by the court, the petition may be denied without prejudice to the filing of another petition. (§ 1172.6, subd. (b)(2).) Otherwise, the court must conclude

6.

that the defendant has filed a facially sufficient petition and counsel must be appointed, if requested. (§ 1172.6, subd. (b)(3); *Lewis*, *supra*, 11 Cal.5th at p. 966 ["a complying petition is filed; the court appoints counsel, if requested; the issue is briefed; and then the court makes [a] prima facie determination" in consideration of the record of conviction].)

After counsel is appointed to represent a defendant who filed a facially sufficient petition, the trial court determines whether the defendant has made a prima facie showing that he or she is entitled to relief. (§ 1172.6, subds. (a)–(c); accord, *Lewis*, *supra*, 11 Cal.5th at pp. 961–963, 966–967; see *People v. Strong*, *supra*, 13 Cal.5th at p. 708.) In making the prima facie determination, the court may rely on " 'the record [of conviction], including [its] own documents, "contain[ing] facts refuting the allegations made in the petition ...." ' " (*Lewis*, *supra*, 11 Cal.5th at p. 971.) However, the prima facie inquiry is limited and, at this stage of the proceedings, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id*. at pp. 971–972.) Further, in resolving the prima facie inquiry in light of the record of conviction, the court cannot consider prior appellate opinions in the matter (except the procedural history recited in any such opinions) or otherwise inadmissible hearsay evidence admitted at the preliminary hearing (§ 1172.6, subd. (d)(3) [precluding consideration of such evidence at any order to show cause hearing pursuant to section 1172.6]; *People v. Clements* (2022) 75 Cal.App.5th 276, 292, citing Sen. Bill No. 775, Stats. 2021, ch. 551; see *People v. Flores* (2022) 76 Cal.App.5th 974, 988 ["[i]f such evidence may not be considered at an evidentiary hearing to determine a petitioner's ultimate eligibility for resentencing, we fail to see how such evidence could establish, as a matter of law, a petitioner's ineligibility for resentencing at the prima facie stage"]) or contained in a probation report (*People v. Owens* (2022) 78 Cal.App.5th 1015, 1026). If, in light of the record of conviction, defendant's petition fails as a matter of law, the trial court may summarily deny it. (*Lewis*, at p. 974.)

If the sentencing court determines the defendant has made a prima facie showing, the court must issue an order to show cause[5] and hold a hearing to determine whether to vacate the murder conviction. (§ 1172.6, subds. (c), (d)(1).) At this evidentiary hearing, "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder … under California law as amended by the changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (d)(3).)

## III.    Prima Facie Case

Defendant argues that the trial court erred in denying his petition at the prima facie stage and the People agree.

The parties agree, as do we, based on the instructions given, the jury could have found defendant guilty of first degree premeditated attempted murder under either an indirect aiding and abetting natural and probable consequences doctrine theory or an express malice theory. The indirect aiding and abetting natural and probable consequences doctrine theory is no longer valid under Senate Bill 1437 and, based on the record before the trial court, the court was not permitted to make the factual finding necessary to rule out that theory at the prima facie stage. (See *People v. Whitson* (2022) 79 Cal.App.5th 22, 30; *People v. Pacheco* (2022) 76 Cal.App.5th 118, 122; *Lewis, supra,* 11 Cal.5th at pp. 971–972, 974.) For that reason, we reverse the court's denial of defendant's petition, direct the court to issue an order to show cause, and remand for further proceedings.

## DISPOSITION

The order is reversed. The trial court is directed to issue an order to show cause and conduct further proceedings required by section 1172.6.

---

[5]    "If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (§ 1172.6, subd. (c).)